UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roberto Mendoza Cuello, Jr.

      Petitioner,

      V.                                          CASE NO. 10-13641
                                                      HON. MARIANNE O. BATTANI

Rebecca J. Adduci, District Director,
Detroit Field Office, Bureau of Immigration and
Customs Enforcement,

      Respondent.
_____/

## **OPINION AND ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

**I.    INTRODUCTION**

Before the court is Petitioner Roberto Mendoza Cuello's Petition For Writ of Habeas Corpus. (Doc. 1). Petitioner has been in Department of Homeland Security ("DHS") custody since September 2009. (Doc. 9 at 3). Petitioner's procedural circumstances reflect the following scenario:

      (1) he is a lawful permanent resident;

      (2) he has an administratively final order of removal entered against him;

      (3) a petition for review of that order pending in the Sixth Circuit, and;

      (4) he has successfully obtained a stay his removal from the Sixth Circuit.

(Doc. 1). Petitioner seeks a Writ of Habeas Corpus and asks the court to order his release at least until the Court of Appeals has ruled on his petition. (Doc. 9). Respondent argues that Petitioner is lawfully detained pursuant to either 8 U.S.C. § 1231(a) or 8 U.S.C. § 1226(a). Petitioner argues that neither statute authorizes detention in his situation and

1

asks the court to release him.

After review, the court finds that 8 U.S.C. § 1226(a) authorizes Petitioner's detention. However, the court also finds that Petitioner is entitled to a bond hearing which he has not received. Therefore, the court GRANTS Petitioner's a Writ of Habeas Corpus to the extent that the court REMANDS this matter to the Detroit Immigration Court so that an immigration judge can give Petitioner an individualized bond hearing within 21 days of the date of this order. The Immigration Judge is to determine whether and under what conditions DHS may release Petitioner from custody pending Petitioner's Petition for Review in the Sixth Circuit Court of Appeals. If Petitioner is not given a bond hearing within 21 days, Respondent shall release Petitioner from custody.

**II.    BACKGROUND**

Petitioner Roberto Mendoza Cuello has been a Legal Permanent Resident in the United States for approximately 32 years. On September 30, 2009, DHS initiated removal proceedings against Petitioner based on his April 7, 1998 conviction in Missouri, pursuant to plea, for the offense of possession of a marijuana with intent to deliver. (Doc. 8 Ex.A). On November 19, 2009, the Immigration Judge denied Petitioner a Bond and kept him in mandatory custody pursuant to 8 U.S.C. § 1226(c) for his single 1998 conviction. (Doc.1 Ex.1). Petitioner immediately appealed the Bond denial to the Board of Immigration Appeals ("BIA"). On December 10, 2009, after a hearing on the merits in which counsel represented Petitioner, the Immigration Judge ordered him removed to Mexico. (Doc.8 Ex.A). Petitioner appealed the removal order to the BIA.

On March 19, 2010, the BIA reversed the Immigration Court's opinion that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) and remanded the case to

the Immigration Judge for consideration of Bond. (Doc.1 Ex.2). However, The Immigration Judge did not conduct the bond hearing because on March 29, 2010 the BIA affirmed the removal order which administratively terminated the case. (Doc. 1 at 4). To date, no hearing has been set on the Bond remand, either by the Immigration Court or the Respondent. (Doc.9 at 10).[1]

Petitioner filed a Petition for Review of the BIA's removal decision in the Sixth Circuit Court of Appeals. (Doc.1 Ex.3). On June 15, 2010, the court granted his request for stay of removal pending the appeal. (Id.). Petitioner first filed his Petition for Writ of Habeas Corpus with the Sixth Circuit. That court found itself without subject matter jurisdiction and ruled that Petitioner should have filed the Writ in the District Court, citing Elgharib v. Napolitano, 600 F.3d 597, 605-06 (6th Cir 2010). (Doc. 1 Ex.7). On September 13, 2010, Petitioner filed the instant Writ that is now before the District Court.

## III.    JURISDICTION

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Uritsky v. Ridge, 286 F.Supp.2d 842, 843 (E.D.Mich. 2003). While the federal district courts lack subject matter jurisdiction to resolve certain immigration-related issues, see, e.g., 8 U.S.C. § 1252; see also, REAL ID Act of 2005, Pub.L. No. 109-13, Div. B, 119 Stat. 231 (2005) (divesting federal district courts of subject matter jurisdiction to review removal orders), the district courts have jurisdiction to resolve petitions for writ of habeas corpus filed under § 2241 by aliens asserting "claims arising out of immigration detention." Ly v. Hansen, 351

---

[1] The court notes that Respondent claims Petitioner has not made a written request of ICE to conduct a bond hearing. (Doc. 8 at 7).

F.3d 263, 266 (6th Cir. 2003) (citing Zadvydas v. Davis, 533 U.S. 678, 688 (2001); see also, American-Arab Anti-Discrimination Comm. v. Ashcroft, 272 F.Supp.2d 650, 659 (E.D.Mich. 2003) (citing INS v. St. Cyr, 533 U.S. 289, 312 n. 35 (2001)) ("An individual in federal custody pending removal may challenge the constitutionality of his confinement pursuant to 28 U.S.C. § 2241"). Petitioner's habeas claim arises from his continued detention during the pendency of his removal action. This court has subject matter jurisdiction.

## IV. ANALYSIS

The statutory scheme governing the detention of aliens in removal proceedings is not static; rather, the Attorney General's detention authority shifts from 8 U.S.C. § 1226 to 8 U.S.C. § 1231 as the alien moves through different phases of administrative and judicial review. Casas-Castrillon v. DHS, 535 F.3d 943, 945-46 (9th Cir.2008). Section 1226 provides the framework for the detention and release of aliens during the pendency of an alien's removal proceedings. Once these proceedings are final, the detention and release authority shifts to Section 1231.

The Supreme Court has explained the courts' duties when interpreting federal statutes:

> " 'If the statute is clear and unambiguous "that is the end of the matter, for the court, as well as the agency, [it] must give effect to the unambiguously expressed intent of Congress."... In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.' "

Sullivan v. Stroop, 496 U.S. 478, 482 (1990) (citing Kmart Corp. v. Cartier, Inc., 486 U.S. 281, 291-292 (1988)).

### A. Detention Authority Under 8 U.S.C. § 1231(a)(1)(A)

Under 8 U.S.C. § 1231(a)(1)(A), the Attorney General has the authority to detain an alien during the "removal period." The statute defines the "removal period" as the 90 day period beginning on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The Statute provides additional authority to detain an alien during an extension or "suspension" of the removal period:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).

Respondent argues that § 1231(a)(1)(A) authorizes detention because Petitioner's "removal period" began when the BIA affirmed the removal order and the Sixth Circuit's order to stay the removal proceeding suspended the removal period under § 1231(a)(1)(C). (Doc. 8 at 3). Petitioner argues that subsection (ii) clearly applies and that his removal period has not yet begun because the Sixth Circuit has not issued a final order in his removal proceeding. (Doc. 9 at 4). Therefore, § 1231(a)(1)(A) does not yet authorize his detention.

The court agrees with Petitioner. Here, Petitioner is subject to a removal order that is administratively final, but is pending upon judicial review, and subject to a stay of

removal. (Doc. 9 at 6). To date, that court has not issued a final order. Accordingly, Petitioner's removal period will not commence until "the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B). Therefore, under the plain language of subsection (ii), Petitioner's removal period has not yet begun and detention under § 1231(a) is not authorized.

The Sixth Circuit has adopted the above interpretation of § 1231(a). In Bejjani v. I.N.S., the Immigration and Naturalization Service ("INS") reinstated an order of removal against Bejjani after an alleged illegal re-entry. 271 F.3d 670 (6th Cir 2001), *abrogated on other grounds by* Fernandez Varga v. Gonzales, 548 U.S. 30 (2006). Bejjani filed a petition for review with the Sixth Circuit. Id. at 673. The court stayed the execution of the removal order and the requirement that he report to an immigration officer while his petition for review was pending.[2] Id. The INS objected and claimed that § 1231(a) authorized detention during the pendency of the review. Id. at 689. The court explained, "[i]n this case, Bejjani petitioned for judicial review, and the Court ordered a stay of his removal. Under § 1231(a)(1)(B)(ii), the period of removal would not begin until the date of the Court's final order. Thus, the INS did not have the authority to detain Bejjani because the removal period had not begun." Id. at 689.[3] That panel did not decide under what alternative authority the INS could have detained Bejjani because the INS did not argue as much. Petitioner's circumstances are analogous to Bejjani's. Petitioner has obtained a stay of his

---

[2] Bejjani was not in custody during the pendency of his appeal. 271 F.3d at 673.

[3] This plain language reading of the statute has been expressly endorsed in a Ninth Circuit published opinion. See, Prieto-Romero v. Clark, 534 F.3d 1053, 1058-59 (9th Cir. 2008) (We ... hold that § 1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review.).

removal during the pendency of his appeal.  His removal period has not begun under § 1231(a)(1)(B)(ii); therefore, § 1231(a) does not authorize his detention.

The court need not reach Respondent's argument that the stay of removal is an act under § 1231(a)(1)(C) that suspends the removal period because of the court's finding that the removal period has not yet begun.  The court does, however, find the strength of Respondent's argument weak given that the Sixth Circuit has stated "appeals and petitions for relief are to be expected as a natural part of the [removal] process.  An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him."  Ly., 351 F.3d at 272.  It is unlikely that § 1231(a)(1)(C) was intended to suspend the removal period when an alien successfully obtains a stay of removal proceedings.[4]

Respondent next argues that 8 U.S.C. § 1252(b)(8)(A), in conjunction with § 1231(a), authorizes Petitioner's detention.  (Doc. 8 at 4).  Section 1252(b)(8)(A) provides "subsection [§ 1252(b)] . . . does not prevent the Attorney General, after a final order of

---

[4]  A review of the case law shows that the courts have read § 1231(a)(1)(C) narrowly. Generally, courts have only tolled the removal period in cases where the alien has demonstrated some sort of bad faith failure to cooperate, such as providing authorities with false or inconsistent information regarding identity or country of origin, or refusing to complete travel arrangements or name a country for deportation.  See, Drabovskiy v. Young, 2008 WL 4853327, at *5-6 (W.D .La. Sept. 30, 2008) (removal period tolled under § 1231(a)(1)(C) because petitioner hampered ICE's efforts to remove him by refusing to request travel documents and repeatedly refusing to provide background and demographic information necessary to obtain travel documents); Akinsehinwa v. Donate, 2008 WL 2951072, at *5-6 (M.D.Pa. July 30, 2008) (removal period tolled where petitioner gave inconsistent information to the Consulate, hindering efforts to obtain travel documents); Agbanyo v. Cabral, 518 F.Supp.2d 326, 327-28 (D.Mass.2007) (dismissing habeas petition where petitioner not only failed to cooperate, but actively obstructed efforts to remove him); Powell v. Ashcroft, 194 F.Supp.2d 209 (E.D.N.Y.2002) (petitioner's false and conflicting representations regarding identity and citizenship prevented removal within the meaning of § 1231(a)(1)(C)).

7

removal has been issued, from detaining the alien under section 1231(a)." 8 U.S.C. § 1252(b)(8)(A). This statute does not provided independent detention authority. Rather, it simply confirms that no provision in § 1252(b), the general statute governing judicial review of removal orders, abrogates the Attorney General's detention powers under § 1231(a). Since § 1231(a) does not yet authorize Petitioner's detention, § 1252(b)(8)(A) is of no import in the analysis.

### B.  Detention Authority Under 8 U.S.C. § 1226

8 U.S.C. § 1226 provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Detention is mandatory for certain inadmissible or criminal aliens. See, 8 U.S.C. § 1226(c).[5] Except for the mandatory detention cases, the Attorney General is given authority to release the alien on conditions or bond. 8 U.S.C. § 1226(a)(2).

Petitioner argues that the plain language of § 1226(a) authorizes detention only during the *pendency* of an administrative removal proceedings and does not apply to him because his removal proceedings have closed. (Doc. 9 at 8). Petitioner claims that Respondent is powerless to detain him because neither statute (§ 1231 or § 1226) authorizes detention under his circumstances.

The court disagrees and finds that § 1226(a) authorizes Petitioner's detention during the time between the administratively final order of removal and the removal period, whenever that period begins under the subsections of § 1231(a)(1)(B). Petitioner's argument would require a finding that Congress, in designing the alien detention

---

[5]  Respondent does not argue that Petitioner can be detained under § 1226(c).

framework, conceived of a peculiar procedural window in which there is no authority to detain an alien. Petitioner explains that there is a gap between the time of an administratively final order of removal and when the removal period begins under § 1231(a)(1)(A) in which there is no authority to detain an alien under Petitioner's circumstances. If the court accepts such an argument, it means that an alien who has an administratively final order of removal, a petition for review of that order pending in a Court of Appeals, and who has successfully obtained a stay his removal proceeding, is summarily due habeas relief. Congress could not have intended such a strange result.

Petitioner's interpretation is predicated on his contention that detention authority under § 1226(a) is extinguished when the removal decision is *administratively* final. According to Petitioner, this leaves a gap of detention authority until the removal period begins in § 1231(a). A plain reading of the statute does not support this contention. Section 1226(a) authorizes detention of aliens "pending a decision on whether the alien is to be removed from the United States." Petitioner's removal decision is still pending before the Sixth Circuit. Thus, without more, Petitioner's detention is authorized. This interpretation creates harmony between the pre and post-removal order detention statutes and acknowledges the design of the detention framework as a whole.

However, the court's finding that § 1226(a) governs Petitioner's detention does not preclude habeas relief. "The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]' any 'person ... of liberty ... without due process of law.' " Zadvydas v. Davis, 533 U.S. 678, 690 (2001). It is well settled that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Id. at 693. Moreover, though

§ 1226(a) carries its own procedural protections, this court must determine whether those procedures were applied in a fair manner so as to satisfy procedural due process.

Pursuant to § 1226(a), and except for aliens detained under § 1226(c), "the Attorney General retains discretion to decide whether [an alien] should be detained, released on bond, or released on conditional parole." Agyeman v. INS, 74 F. App'x 691, 693 (9th Cir. 2003). That discretion is generally exercised in the form of an individualized bond hearing. See, Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009) (finding that " § 1226(a) provides for individualized detention determinations"). Once the Attorney General exercises his discretion as to whether the alien should be detained or released, the "alien may seek review of this decision by an Immigration Judge." Pisciotta v. Ashcroft, 311 F.Supp.2d 445, 449 (D.N.J. 2004); Zavala v. Ridge, 310 F.Supp.2d 1071, 1074 (N.D.Cal. 2004). Therefore, since Petitioner is currently detained and properly held under § 1226(a), he should receive a custody determination from DHS assessing his dangerousness and risk of flight and review of that determination by an Immigration Judge.

In Petitioner's case, the record shows that the BIA ordered the Immigration Judge to conduct an individualized bond hearing. Unfortunately for Petitioner, he never received a hearing because his case was administratively closed before it was even scheduled by the Immigration Court.[6] The BIA's own opinion explains that he should have been given a Bond hearing after his initial appearance because the Immigration Judge mistakenly detained Petitioner under the mandatory custody provisions of § 1226(c). Since Petitioner is properly detained under 1226(a) and his removal decision is not final, he is entitled to a

---

[6] See, 8 C.F.R. § 236.1(d)(4) (the filing of an appeal from a bond determination of an immigration judge does not delay, nor stay the administrative removal proceedings).

bond hearing before an independent adjudicator.  <u>See</u>, 8 C.F.R. § 236.1(d).  Morever, under Petitioner's circumstances, his continued detention and lack of meaningful custody review does not comport with due process.  Therefore, because he has not received proper review of his eligibility for release on bond, the court finds that Petitioner is entitled to a bond hearing before an Immigration Judge.  If Petitioner is not given a bond hearing within 21 days of the date of this order, Respondent shall release Petitioner.

## V.    CONCLUSION

For the reasons discussed above, the court **GRANTS** Petitioner's Petition For Writ of Habeas Corpus (Doc. 1) to the extent that the court **REMANDS** this matter to the Detroit Immigration Court so that an immigration judge can provide Petitioner with an individualized bond hearing within 21 days of the date of this order.  If Petitioner is not given a bond hearing within 21 days, Respondent shall release Petitioner from custody.

**IT IS SO ORDERED.**

                                                                    s/Marianne O. Battani
                                                                    MARIANNE O. BATTANI
                                                                    United States District Judge

Dated: <u>October 21, 2010</u>

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date by electronic and/or ordinary mail.

                                            <u>s/Bernadette M. Thebolt</u>

                                            Case Manager